**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RUSSELL P. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1311-JJF |
| | ) | |
| STATE OF DELAWAE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STATE OF DELAWARE'S OPENING BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Peter S. Feliceangeli, ID No. 28
Gregory E. Smith ID No. 3869
Deputy Attorneys General
Carvel State Building, 6th Floor
820 North French Street
Wilmington, Delaware 19801
(302) 577-8400
Attorneys for Defendant State of Delaware

Dated: March 1, 2005

# TABLE OF CONTENTS

TABLE OF CITATIONS……………………………………………………………………ii

NATURE AND STAGE OF THE PROCEEDINGS……………………………………………..1

SUMMARY OF ARGUMENT…………………………………………………………………...2

STATEMENT OF FACTS………………………………………………………………………..3

ARGUMENT

I. The State of Delaware is entitled to an order dismissing Plaintiff's complaint based on the well established law that the Eleventh Amendment prohibits suits by private citizens against the State in federal court…………………………………..4

II. Plaintiff's lawsuit must be dismissed because a successful lawsuit would undermine the validity of Smith's State law child support and custody orders in violation of the *Rooker/Feldman* doctrine…..………………………………………...6

CONCLUSION…………………………………………………………………………………..10

*Ammann v. Connecticut*, C.A. No. 3:04CV1647, Kravitz, J. (D. Conn. Feb. 10, 2005) …….Ex. A

*Urbank v. New Jersey*, C.A. No. 04-4557, Cooper, J. (D. N.J. Dec. 29, 2004)………………Ex. B

*Dooley v. Vermont*, C.A. No. 2:04CV241, Sessions, J. (D. Vt. Feb. 8, 2005)………………Ex. C

*Watson v. South Carolina*, C.A. No. 2:04-22257-23, Duffy, J. (D. S.C. Jan. 25, 2005) (adopting Magistrate's Report and Recommendation)…………………………………………………Ex. D

*Howse v. Indiana*, C.A. No. 1:04-cv-1530, Tinder, J. (D. Ind. Jan. 28, 2005)………………Ex. E

*Holmes v. California*, C.A. No. C 04-03949, Ware, J. (N.D. Cal. Jan. 19, 2005)……………Ex. F

*Strohm v. Ohio*, C.A. No. 2:04-cv-910, Smith, J. (S.D. Ohio Oct. 18, 2004)………………..Ex. G

*Collins v. Kentucky*, C.A. 04-cv-66, Hood, J. (E.D. Ky. Oct. 22, 2004)……………………..Ex. H

*Weiss v. Alabama*, C.A. No. 2:04cv876-A, Albriton, J. (M.D. Ala. Nov. 15, 2004)…………Ex. I

*Rohling v. New York*, C.A. No. 1:04-cv-1083, Sharpe, J. (N.D. N.Y. Nov. 15, 2004)………..Ex. J

*Pettit v. New Mexico*, C.A. No. 04-1063, Browning, J. (D. N.M. _________)………………Ex. K

# TABLE OF CITATIONS

**Cases** **Page**

*Ammann v. Connecticut*, C.A. No. 3:04CV1647, Kravitz, J. (D. Conn. Feb. 10, 2005)………….9

*Anthony v. Council*, 316 F.3d 412 (3d Cir. 2003)………………………………………………8

*Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989)……………………………………………..6

*Collins v. Kentucky*, C.A. 04-cv-66, Hood, J. (E.D. Ky. Oct. 22, 2004)…………………………9

*Dooley v. Vermont*, C.A. No. 2:04CV241, Sessions, J. (D. Vt. Feb. 8, 2005)……………………9

*E.B. v. Verniero*, 119 F. 3d 1077 (3d Cir. 1997)…………………………………………..6, 7

*Federal Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743 (2002)……...5

*Feldman v. District of Columbia Court of Appeals*, 460 U.S. 462 (1983)………………………..6

*Holmes v. California*, C.A. No. C 04-03949, Ware, J. (N.D. Cal. Jan. 19, 2005)………………...9

*Howse v. Indiana*, C.A. No. 1:04-cv-1530, Tinder, J. (D. Ind. Jan. 28, 2005)……………………9

*Linn v. DCSE*, 736 A.2d 954 (Del. 1999)………………………………………………………8

*Parkview Ass. Partnership v. City of Lebanon*, 225 F. 3d 321 (3d Cir. 2000)……………………6

*Penzoil Co. v. Texaco , Inc.*, 481 U.S. 1 (1987)…………………………………………………...6

*Pettit v. New Mexico*, C.A. No. 04-1063, Browning, J. (D. N.M. _____)………………………...9

*Rohling v. New York*, C.A. No. 1:04-cv-1083, Sharpe, J. (N.D. N.Y. Nov. 15, 2004)……………9

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)……………………………………………..6

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)………………………………………..4

*Strohm v. Ohio*, C.A. No. 2:04-cv-910, Smith, J. (S.D. Ohio Oct. 18, 2004)……………………..9

*Taylor v. Taylor*, 672 A.2d 44 (Del. 1996)……………………………………………………..8

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir. 1998).........4

**Cases, cont'd** **Page**

*Urbank v. New Jersey*, C.A. No. 04-4557, Cooper, J. (D. N.J. Dec. 29, 2004)…………………...9

*Watson v. South Carolina*, C.A. No. 2:04-22257-23, Duffy, J. (D. S.C. Jan. 25, 2005)………….9

*Weiss v. Alabama*, C.A. No. 2:04cv876-A, Albriton, J. (M.D. Ala. Nov. 15, 2004)……………...9

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)……………………………………...4

*Younger v. Harris*, 401 U.S. 37 (1971)……………………………………………………………8

**Statutes**

28 *U.S.C.* § 1257 …………………………………………………………………………….6

10 *Del. C.* § 925(3)……………………………………………………………………………..8

13 *Del. C.* § 573(d) ……………………………………………………………………………8

13 *Del. C.* § 577……………………………………………………………………………...8

13 *Del. C.* § 614..........................................................................................................................8

13 *Del. C.* § 729……………………………………………………………………………...8

## NATURE AND STAGE OF THE PROCEEDINGS

On September 29, 2004, Russell P. Smith, ("Plaintiff"), filed a 42-page, 6-count complaint against the State of Delaware. (D.I. 2). Plaintiff alleged: (1) negligence and reckless disregard for duty by the State of Delaware in computation of child support; (2) refusal to grant non-custodial parents equal visitation and custody; (3) conspiracy by the State of Delaware with her sister states to deprive Plaintiff of his Fourteenth Amendment rights in the arena of child custody, visitation, and support; (4) fraudulent enforcement of child support orders; (5) disparate taxation of non-custodial parents; and (6) willful, reckless, and negligent government mismanagement. *Id.* at 17-38. Plaintiff Smith simultaneously filed a motion to proceed *in forma pauperis*. (D.I. 1). Also, on September 29, 2004, Plaintiff filed a "motion for consolidation and transfer" to the "Judicial Panel on Multi District Litigation." (D.I. 3). Finally, Plaintiff simultaneously filed a motion for class certification and appointment of counsel. (D.I. 6). On October 4, 2004, Plaintiff filed a memorandum of law in support of his complaint, in anticipation of a defense of immunity from suit. (D.I. 8). On October 20, 2004, this Court granted Plaintiff's petition to proceed *in forma pauperis*, and directed service of the complaint. (D.I. 10). This is Defendant State of Delaware's Opening Brief in Support of its Motion to Dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.[1]

---

1 Given the bars to relief as stated in this brief, Defendant has not responded to Plaintiff's motions for consolidation, class-certification, and appointment of counsel, or the motion to intervene, but reserves the right to formally oppose such motions in the event this Court denies the instant motion to dismiss.

## SUMMARY OF ARGUMENT

I. The Eleventh Amendment to the United States Constitution prohibits private citizens from suing States in federal court.

II. In order for Plaintiff to prevail in the instant litigation, this Court would be compelled to set aside an order of the Family Court of the State of Delaware adjudicating Smith's paternity, determining custody, and obligating him, as a non-custodial parent, to pay child support. Because this lawsuit amounts to a collateral attack of a State court order, *Rooker/Feldman* and the *Younger* abstention doctrines prohibit this Court from addressing the merits of Plaintiff's claim. Plaintiff furthermore seeks to rewrite all child custody and support orders as determined under existing state law.

## STATEMENT OF FACTS[2]

Plaintiff Smith alleged that he is a resident of the State of Delaware, that he is at least 18 years old, that he has conceived "one or more" natural children, that the existence of such "child(ren) either does, or could, give present or future rise to any legal or equitable proceeding in any court for the payment, by such plaintiff, of any form of child support, to any other person or party, in any form or method heretofore established by the State of Delaware." D.I. 2, at ¶14. Plaintiff alleges that he has been adjudicated by a court of the State of Delaware to be a non-custodial parent. *Id*. at ¶15.

Smith alleges that judges of the State of Delaware have jurisdiction over domestic relations actions. *Id.* at ¶51. Smith further alleges that the State of Delaware and its judges have misapplied federal constitutional law in determining matters of custody, visitation, and child support. *Id.* at ¶¶53-57. Smith specifically alleges that the purported constitutional violations are the product of court orders. *Id.* at ¶61. Smith further seeks the award of damages from the Defendant State of Delaware as a result of these court orders. *Id.* at ¶¶64, 72, 80, 105, 115, 129, 142-45.

2 Smith's 43-page complaint alleges many additional "facts" not recited here. The limited allegations listed herein are sufficient for and relevant to the Defendant State of Delaware's motion to dismiss.

## ARGUMENT

I. THE STATE OF DELAWARE IS ENTITLED TO AN ORDER DISMISSING PLAINTIFF'S COMPLAINT BASED ON THE WELL ESTABLISHED LAW THAT THE ELEVENTH AMENDMENT PROHIBITS SUITS BY PRIVATE CITIZENS AGAINST THE STATE IN FEDERAL COURT.

In deciding a motion to dismiss, this Court must accept as true all material allegations of the complaint, and it must construe the complaint in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "The complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* With this standard in mind, the State of Delaware is immune from liability under the Eleventh Amendment, and entitled to an order dismissing the present complaint. Neither a State nor one of its agencies are "persons" for the purposes of 42 *U.S.C.* §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Id.* No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, Congress' intent appears to be to the contrary as the statute facially allows suits only to be brought against "persons." 42 *U.S.C.* §1983. *Id*. Although, and perhaps because of

this clearly established law, Smith does not allege that he has brought the present complaint under section 1983.

Regardless of the mechanism by which Smith claims that he has brought the instant lawsuit, the United States Supreme Court has reaffirmed Eleventh Amendment immunity from suit in federal court, and, in fact, expanded that principle to include additional federal fora such as administrative tribunals. *Federal Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743 (2002). "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *Id*. at 766. As the State of Delaware has not waived its Eleventh Amendment immunity from suit, nor has Congress waived the State's immunity in any of the statutory citations at pages 7-8 of Smith's complaint, the Court must dismiss the present complaint for lack of jurisdiction.

## II. PLAINTIFF'S CLAIMS MUST BE PRECLUDED BECAUSE SUCCESSFUL SUIT WOULD UNDERMINE THE VALIDITY OF PLAINTIFF'S, AND ALL OTHER DELAWARE STATE LAW CUSTODY, VISITATION, AND CHILD SUPPORT ORDERS.

The *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over Plaintiff's claims. *Rooker-Feldman* has evolved from a combination of statutory interpretation and United States Supreme Court decisions. 28 *U.S.C.* §1257(a) states, in relevant part, that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the [United States] Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the Unites States." *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); and *Feldman v. District of Columbia Court of Appeals*, 460 U.S. 462 (1983). The Third Circuit has found that *Rooker-Feldman* precludes lower federal courts from exercising jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts. *Parkview Ass. Partnership v. City of Lebanon*, 225 F. 3d 321, 325 (3d Cir. 2000), *citations omitted*. A federal action is inextricably intertwined with a state adjudication and barred in federal court "where federal relief can only be predicated upon a conviction that the state court was wrong." *Id. citing Centifanti v. Nix*, 865 F. 2d 1422, 1430 (3d Cir. 1989), *quoting Penzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987).

In *E.B. v. Verniero*, 119 F. 3d 1077 (3d Cir. 1997), this Court addressed a claim legally similar to that at bar where convicted sex offenders challenged the constitutionality of New Jersey's "Megan's Law." In ruling in favor of the state and municipal defendants, the Third

Circuit characterized the complaint as "a paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding. To grant E. B. relief would require an inferior federal court to determine that the New Jersey court's judgment was erroneous and would foreclose implementation of that judgment." *Id*. at 1091.

Plaintiff's claim is significantly more straightforward than the claim presented in *E.B.* Smith alleges that he has been adjudicated a non-custodial parent by a court of the State of Delaware, and that, as a result of that order, does not "equally enjoy the same full sets and degrees of physical, possessory, and legal rights to all aspects of the care, custody, and management of said child(ren) that are recognized to belong to, or enjoyed by, the other natural parent of said child(ren)." *See Complaint*, D.I. 2 at ¶15. After a determination of parentage and adjudication of custody, visitation, and child support, Smith seeks to overturn the results of that state court order, as well as all Delaware child custody, visitation, and support orders, through this purported civil rights action. Having suffered an adverse judgment in State court, Plaintiff's only remedy is by way of appeal through the state court system and by way of petition to the Supreme Court of the United States thereafter. *E.B.,* at 1091-2. Smith unequivocally challenges the legality of the Delaware State court adjudication of custody, visitation, and support through the mechanism of alleged violations of his federal civil rights in the present complaint. This federal lawsuit is inextricably intertwined with Smith's State court adjudication regarding his rights and obligations as a non-custodial parent. This Court must consider Plaintiff's present lawsuit a collateral attack on his, and all other, child visitation, custody, and support adjudications in state court, and find a lack of subject matter jurisdiction to hear his complaint under the *Rooker-Feldman* doctrine.

The Third Circuit has also upheld the decision of a district court to abstain from hearing a constitutional challenge to the legitimacy of state process by child support obligors in New Jersey against the New Jersey court system. *Anthony v. Council*, 316 F.3d 412 (3d Cir. 2003). The *Anthony* court cited *Rooker-Fedlman*, but analyzed the district court's dismissal primarily under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). In dismissing the child support obligors' federal constitutional challenges to the process they received in New Jersey state courts, the Third Circuit concluded that jurisdiction was not appropriate because: (1) the putative plaintiffs had ongoing pending proceedings in New Jersey state courts; (2) New Jersey had an important state interest in regulating matters of family relations; (3) the putative plaintiffs had an adequate opportunity to present their federal constitutional challenges within the New Jersey courts; (4) the state proceedings were not the product of bad faith or harassment; and (5) other federal courts had dismissed similar claims. *Anthony*, 316 F.3d at 418-24. The Third Circuit's analysis in *Anthony* must control the instant complaint. Smith has alleged that he is under an ongoing order of a Delaware court for child support. *See* 13 *Del. C.* §§ 573(d), 577, 614 (Family Court has continuing jurisdiction to modify and enforce child support orders); *Taylor v. Taylor*, 672 A.2d 44 (Del. 1996); *Linn v. DCSE*, 736 A.2d 954 (Del. 1999). Delaware has no less of a legitimate state interest than New Jersey in regulating family relations within its jurisdiction. *See* 10 *Del. C.* § 925(3); 13 *Del. C.* § 729. Smith has had an opportunity to raise any constitutional challenges to his child support order before Delaware state courts. To the extent discernable from Smith's pleadings, the child support order entered against him as a non-custodial parent is part of an established state system designed to serve the best interests of children, and not a bad-faith, pre-emptive strike designed

to prevent the filing of a federal lawsuit. Finally, other district courts that have considered copy-cat versions of the instant complaint have all dismissed such lawsuits on jurisdictional grounds. *See Ammann v. Connecticut*, C.A. No. 3:04CV1647, Kravitz, J. (D. Conn. Feb. 10, 2005) (Ex. A); *Urbank v. New Jersey*, C.A. No. 04-4557, Cooper, J. (D. N.J. Dec. 29, 2004) (Ex. B); *Dooley v. Vermont*, C.A. No. 2:04CV241, Sessions, J. (D. Vt. Feb. 8, 2005) (Ex. C); *Watson v. South Carolina*, C.A. No. 2:04-22257-23, Duffy, J. (D. S.C. Jan. 25, 2005) (adopting Magistrate's Report and Recommendation) (Ex. D); *Howse v. Indiana*, C.A. No. 1:04-cv-1530, Tinder, J. (D. Ind. Jan. 28, 2005) (Ex. E); *Holmes v. California*, C.A. No. C 04-03949, Ware, J. (N.D. Cal. Jan. 19, 2005) (Ex. F); *Strohm v. Ohio*, C.A. No. 2:04-cv-910, Smith, J. (S.D. Ohio Oct. 18, 2004) (Ex. G); *Collins v. Kentucky*, C.A. 04-cv-66, Hood, J. (E.D. Ky. Oct. 22, 2004) (Ex. H); *Weiss v. Alabama*, C.A. No. 2:04cv876-A, Albriton, J. (M.D. Ala. Nov. 15, 2004) (Ex. I); *Rohling v. New York*, C.A. No. 1:04-cv-1083, Sharpe, J. (N.D. N.Y. Nov. 15, 2004) (Ex. J); *Pettit v. New Mexico*, C.A. No. 04-1063, Browning, J. (D. N.M. _________) (Ex. K).

**CONCLUSION**

WHEREFORE, based on Plaintiff's failure to state a claim over which this Court can exercise jurisdiction or grant relief, Defendant State of Delaware respectfully requests that this Court grant its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and deny as moot Plaintiff's other pending motions for transfer of venue, appointment of counsel, class certification, as well as the recently filed motion to intervene.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____________________________

Peter S. Feliceangeli, ID No. 28
Gregory E. Smith ID No. 3869
Deputy Attorneys General
Carvel State Building, 6th Floor
820 North French Street
Wilmington, Delaware 19801
(302) 577-8400
Attorneys for Defendant State of Delaware

Dated: March 1, 2005

**CERTIFICATE OF SERVICE**

The undersigned certifies that on, March 1, 2005 he caused the attached *State Defendant's Opening Brief in Support of Defendant's Motion to Dismiss* to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Russell P. Smith
P.O. Box 11744
Wilmington, Delaware 19850

**MANNER OF DELIVERY:**

____X___ Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/____________________________

Gregory E. Smith, ID No. 3869
Deputy Attorney General
Carvel State Building, 7th Floor
820 North French Street
Wilmington, Delaware 19801
(302) 577-8398
Attorney for Defendant State of Delaware