UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL L. AMMANN, | : | |
| | : | |
| Plaintiff, | : | NO. 3:04CV1647 (MRK) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Pending before the Court is the State of Connecticut's Motion to Dismiss [**doc. #11**] seeking to dismiss Mr. Ammann's complaint in its entirety. Mr. Amman has not filed any response to the State's motion. For the reasons stated below, the Court GRANTS the State's Motion to Dismiss [**doc. #11**].

It is well established that a *pro se* complaint "should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, when considering motions to dismiss a *pro se* complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is particularly true when dealing with *pro se* complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).

As best the Court can tell after navigating through Mr. Ammann's forty-six page

complaint,[1] Mr. Ammann purports to bring a class action lawsuit on behalf of other non-custodial parents who like him, have allegedly been denied certain rights as a result of their non-custodial status. *See* Compl. [doc. #1] at 1-8. Whether or not the allegations in Mr. Ammann's complaint give rise to a federal cause of action at all (and the Court seriously doubts that they do) Mr. Ammann's case must be dismissed because the State, the sole defendant in this suit, is immune from suit under the Eleventh Amendment doctrine of sovereign immunity.[2]

The Supreme Court has construed the Eleventh Amendment to bar lawsuits by citizens against non-consenting states. As the Supreme Court held in its key decision in *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44 (1996), "[a]lthough a case may arise under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted against a State, without her consent, by one of her own citizens." *Id* at 68. A state waives its immunity only by an unequivocal expression or action. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Connecticut has not consented to suit under any of the

---

[1] Mr. Ammann's complaint includes entire pages that appear to the Court entirely relevant to the claims that Mr. Ammann seeks to assert. In fact, the complaint appears to be a standardized form available on the internet from a website owned by an organization called the Indiana Civil Rights Council that is recruiting plaintiffs around the country for identical lawsuits in every state. *See* Class Actions *at* http://www.indianacrc.org/classaction.html.

[2] At least four federal district courts in which a version of this complaint has been filed have reached the same conclusion as this Court, dismissing the complaint on grounds of sovereign immunity. *See Collins v. Kentucky*, No. 04CV66 (JHM), *slip op. at* 1-2 (E.D.Ky. Nov. 18, 2004) ("[Kentucky]'s Eleventh Amendment immunity claim is a valid defense" to plaintiff's "internet-generated civil rights complaint"); *Rohling v. New York*, No. 1:04CV1083(GLS)(DRH), *slip op. at* 3 (N.D.N.Y. Nov. 15, 2004) ("New York has not waived its immunity from suit on the claims asserted in plaintiff's complaint."); *Weiss v. Alabama*, No. 2:04CV876-A, *slip op. at* 3-4 (M.D.Ala. Nov. 15, 2004) (same result); *Ramey v. Alaska*, No. A04-0215CV (JWS), *slip op. at* 7 (D. Alaska Nov. 2, 2004) (Plaintiff's "action against Alaska is barred by Eleventh Amendment immunity).

applicable statutes that Mr. Ammann names.

It is well established that the civil rights statutes cited by Mr. Ammann, 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, do not abrogate a state's sovereign immunity. *See Coger v. Connecticut*, 309 F. Supp. 2d 274, 281 (D. Conn. 2004) ("[C]ourts have held that Congress has not abrogated the state's immunity from suit under 42 U.S.C. § 1981 or 1983" and "the State of Connecticut has not waived its sovereign immunity under those statutes.") (internal quotation marks and citations omitted). Courts have reached the same conclusion about § 1985 and § 1986. *See, e.g.*, *Seibert v. Oklahoma*, 867 F.2d 591, 594 (10th Cir. 1989), *abrogated on other grounds by Federal Lands Legal Consort. ex rel. Robart Estate v. United States.*, 195 F.3d 1190 (10th Cir. 1999). Section 1988 is a provision that allows a successful civil rights plaintiff to obtain attorneys fees. Although there is a narrow category of cases where sovereign immunity would not shield a state from a claim for attorneys fees pursuant to Section 1988, nothing in this case would implicate the exception. *See Hutto v. Finney*, 437 U.S. 678, 693-95 (1978) (attorneys fees properly awarded under § 1988 against state department of correction in civil rights suit against certain corrections officials seeking injunctive relief). And finally, 42 U.S.C. § 1994 is a statute that abolishes peonage, and even after an extremely liberal reading of the Complaint, the Court cannot discern how this statute could possibly apply to Mr. Ammann's case. *See Piorkowski v. Parziale*, No. 3:02CV00963 (GLG), 2003 WL 21037353, at *9 (D. Conn. May 7, 2003) ("42 U.S.C. § 1994 . . . is not relevant here because the plaintiff has proffered no facts to suggest a claim of peonage.").

The remaining statutes that Mr. Ammann cites, 18 U.S.C. §§ 241 and 242, and 28 U.S.C. §§ 1443 and 1657, are inapplicable to Mr. Ammann's case and by their nature, do not abrogate a

state's sovereign immunity. Sections 241 and 242 of Title 18 are criminal statutes and as such, they "do not provide private causes of action." *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Moreover, these statutes apply only to individuals and thus have no bearing on a state's sovereign immunity. Similarly, 28 U.S.C. §§ 1443 and 1657 are procedural provisions governing removal of cases and the priority of certain actions for injunctive relief, and also do not provide any private right of action, nor do they affect the sovereign immunity of a state in any way. Accordingly, Mr. Ammann has failed to state a claim under any of the statutes that he cites in his Complaint and therefore, the Court dismisses the Complaint in its entirety.

However, the Court will allow Mr. Ammann an opportunity to amend his complaint in order to name an appropriate defendant. Any amended complaint that Mr. Ammann wishes to file must be filed with the Court and served on any new defendants that Mr. Ammann names on or before **March 10, 2005. The Court advises Mr. Ammann that failure to comply with this deadline will result in termination of this action.**

For the benefit of Mr. Ammann, the Court notes that a party seeking to vindicate federal constitutional rights can, in a proper case, avoid Eleventh Amendment immunity in two ways. First, in some circumstances, a plaintiff may be able to obtain prospective injunctive relief against a state official engaged in an ongoing violation of federal law. The Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), creates "a limited exception to the general principle of sovereign immunity[, which] allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment." *Ford v.*

*Reynolds,* 316 F.3d 351, 354-55 (2d Cir. 2003). Second, while the Eleventh Amendment also bars claims for damages against state officials in their official capacities, in a proper case, a plaintiff may be able to sue a state actor for damages under § 1983 for violating a plaintiff's constitutional rights under color of state law, so long as the state official is sued in his or her *individual*, as opposed to *official*, capacity. *See Hafer v. Melo*, 502 U.S. 21, 23 (1991).

The Court emphasizes that it expresses no view on whether any amended complaint Mr. Ammann may file will survive a motion to dismiss. In particular, the Court cautions Mr. Ammann that to the extent he seeks reversal of a state court decision regarding custody of his minor children or his child support obligations, any such action is likely barred by a doctrine known as the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine provides that lower federal courts [such as this Court] lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998).

Finally, the Court advises Mr. Ammann that a class action cannot be maintained by a *pro se* plaintiff. *See, e.g.*, *Daniels v. Niagara Mohawk Power Corp.*, No. 04-CV-0734S(SC), 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004) (non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others) (citing 28 U.S.C. § 1654). Therefore, unless and until Mr. Ammann retains a lawyer, the Court will treat his lawsuit as an individual suit on behalf of himself only.

In conclusion, the Court GRANTS Defendant's Motion to Dismiss [**doc. #11**]. And in light of the Court's ruling, the Court DENIES AS MOOT, Plaintiff's Motion to Appoint Counsel/Certify Class [**doc. #4**], Motion for Consolidation and Transfer [**doc. #5**], and Verified

Request for a Three Judge Panel [**doc. #6**].

IT IS SO ORDERED.

/s/    <u>Mark R. Kravitz</u>
      United States District Judge

Dated at New Haven, Connecticut: **February 10, 2005**.