```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

VINCENT A. URBANK,                :
                                  :   CIVIL ACTION NO. 04-4557 (MLC)
    Plaintiff,                    :
                                  :   **MEMORANDUM OPINION**
    v.                            :
                                  :
STATE OF NEW JERSEY,              :
                                  :
    Defendant.                    :
                                  :

**THIS MATTER ARISING** on the Court's order to show cause why (1) the complaint should not be dismissed under (a) the domestic-relations exception, (b) the Rooker-Feldman doctrine, or (c) the Younger abstention doctrine, and (2) the separate motions for (a) class certification and appointment of counsel, (b) a three-judge panel, and (c) consolidation and transfer by the multi-district-litigation panel should not be denied; and the plaintiff pro se seeking, inter alia, damages for constitutional violations related to state proceedings for divorce, child custody, and child support (see generally Compl.); and

**IT APPEARING** that the Court lacks jurisdiction over claims that were — or could have been — raised in state proceedings, where the losing party may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court, D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983), Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); and it appearing that a losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim

that the state judgment itself violates the loser's federal rights," Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); and

**IT APPEARING** — if the plaintiff is subject to a state court order or judgment concerning divorce, child custody, or child support — that the complaint should be dismissed under the Rooker-Feldman doctrine because the claims can be raised in a state court; and it appearing further that if the plaintiff is aggrieved by any order or judgment, he may seek review through the appropriate state appellate process and, if warranted, certiorari to the United States Supreme Court; and

**IT APPEARING** that the Court should abstain from exercising jurisdiction in an action when there are ongoing state proceedings implicating important state interests, and there is an adequate opportunity to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37 (1971); and

**IT APPEARING** — if the plaintiff is subject to ongoing divorce, child-support, or child-custody proceedings in state court — that the complaint should be dismissed under the Younger abstention doctrine, see Anthony v. Council, 316 F.3d 412, 418-21 (3d Cir. 2003) (concerning proposed federal class action brought by persons subject to state court orders on child support); and

**IT HAVING APPEARED** to the Court that the domestic-relations exception might apply, see Ankenbrandt v. Richards, 504 U.S. 689,

702-04 (1992); but it appearing that this exception may not apply because jurisdiction here is not based on 28 U.S.C. § ("Section") 1332, compare Kelly v. Kelly, No. 04-2616, slip. op. at 3 (3d. Cir. Dec. 3, 2004) (implying exception may apply under Section-1332 jurisdiction only), with Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over domestic-relations matter even when complaint drafted in tort, contract, "or even under the federal constitution"; relying on Allen v. Allen, 48 F.3d 259, 262 n.3 (7th Cir. 1995), which states exception's goal "is equally strong, if not stronger, in the instant, non-diversity dispute [involving] a tug-of-war over a little girl"); and the Court intending, in light of this uncertainty, to vacate the part of the order to show cause concerning the domestic-relations exception; but

**THE PLAINTIFF FAILING** to respond to the Court's inquiry; and the defendant supporting dismissal of the complaint under the Rooker-Feldman doctrine and the Younger abstention doctrine (Def. Br. in Resp., at 7-12); and thus the Court intending to dismiss the complaint and deny the above-noted separate motions as moot; and good cause appearing, the Court will issue an appropriate order and judgment.

                                                           s/ Mary L. Cooper
                                                         **MARY L. COOPER**
                                                         United States District Judge