

HENRY McMASTER
ATTORNEY GENERAL

## NOTICE TO RECIPIENT

This facsimile message is privileged and confidential. It is intended for the individual named below. If you are not the intended recipient, or the person responsible to deliver it to the named recipient, you are hereby advised that the dissemination, distribution or copying of this communication is prohibited. If you have received this facsimile message in error, please immediately notify the sender by telephone and return the original message to the sender by U.S. Mail.

**DATE:** February 7, 2005

**TO:** JEFFREY HUNTER
FAX NO. 202-408-8061

**FROM:** EMORY SMITH
ATTORNEY GENERAL'S OFFICE - CIVIL DIVISION
PHONE NO. (803) 734-3680
FAX NO. (803) 734-3677

THERE ARE ___ PAGES INCLUDING THE COVER SHEET

**COMMENTS:**

AO450 - Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

**FILED**

JAN 2 6 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

Scott David Watson, individually and
on behalf of all persons similarly situated,

ENTERED
1/26/05

Plaintiff,

## JUDGMENT IN A CIVIL CASE

vs.

Case Number: 2:04-22257-23

State of South Carolina,

Defendants.

**Decision by Court.** This action came before the Court, the Honorable Patrick Michael
Duffy presiding. The issues have been duly heard and a decision has been duly rendered.

**IT IS ORDERED AND ADJUDGED** that the defendant, State of South Carolina's motion
to dismiss the complaint is granted and all other motions are moot. It is further ordered that
Magistrate Judge Robert S. Carr's report and recommendation is adopted as the order of this
Court and this matter is ended.

LARRY W. PROPES, Clerk

By _Catria C. Murray_
　　　Deputy Clerk

January 26, 2005

**FILED**

JAN 2 6 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

1/26/05

| | | |
|---|---|---|
| Scott David Watson, individually and on behalf of all persons similarly situated, | ) | C.A. #2:04-22257-23 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned case is before this court upon the magistrate judge's recommendation that defendant's motion to dismiss be granted.

This Court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate

judge, it is hereby **ordered** that defendant's motion to dismiss the complaint is **GRANTED** and all other motions are **MOOT**.

ORDERED, that the magistrate judge's report and recommendation is adopted as the order of this Court, and

AND IT IS SO ORDERED.

Patrick Michael Duffy
U.S. District Judge

Charleston, South Carolina
January ____, 2005

2

ENTERED
12.21.04

**FILED**

DEC 2 1 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**LARRY W. PROPES, CLERK
CHARLESTON, SC**

Scott David Watson,               )     C. A. No. 2:04-22257-23AJ
individually, and on behalf       )
of all persons similarly          )
situated,                         )
                                  )
              Plaintiff,          )
                                  )
       -versus-                   )     **REPORT AND RECOMMENDATION**
                                  )
State of South Carolina,          )
                                  )
              Defendant.          )

This putative class action brought by an individual
proceeding pro se against the State of South Carolina is before
the undersigned United States Magistrate Judge for a report and
recommendation on the defendant's motion to dismiss the action.
28 U.S.C. § 636(b).

On September 17, 2004, the plaintiff, Scott David Watson,
sued the State of South Carolina on behalf of himself and
allegedly on behalf of all other "fit" parents who have been
adjudicated non-custodial parents in South Carolina courts.   He
asserted that he brought the suit pursuant to a plethora of
federal statutes, including 42 U.S.C. § 1983, for South
Carolina's alleged violation of almost all of his constitutional
rights, provisions of the tax code, the Social Security Act and
other federal acts, as well as the Magna Carta.   He seeks one
million dollars ($1,000,000.00) for each putative class member
and all manner of equitable relief.

19

On October 15, 2004, the State of South Carolina filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1),(2),(5) and (6). Watson was provided a copy of the defendants' motion on October 21, 2004, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Watson responded on December 10, 2004, by filing a memoranda in opposition to the motion. Hence it appears consideration of the motion is appropriate.

## EVALUATING PRO SE COMPLAINTS

This court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147,1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70,74 (2d Cir. 1975).

2

## DISCUSSION

A review of the record and relevant case law reveals that the defendant's motion should be granted and this matter ended.

The defendant has offered numerous grounds for dismissing this complaint, but the threshold question of jurisdiction over the defendant State of South Carolina is dispositive of the case.

A Rule 12(b)(2) motion asks the court to dismiss the action for lack of jurisdiction over the defendant. Plaintiffs bear the burden of persuasion if jurisdiction is challenged, _Williams v. United States of America_, 50 F.3d 299, (4th Cir. 1995); _Kehr Packages, Inc. v. Fidelcor, Inc._, 926 F.2d 1406, 1409 (3d Cir.), _cert. denied_, 501 U.S. 1222 (1991), and the plaintiff here has not carried that burden.

The Eleventh Amendment to the Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. amend. XI. By its explicit terms, the language of the Eleventh Amendment applies only to suits against a state by citizens of another state, but the Supreme Court has extended the Amendment's applicability to suits by citizens against their own state. _See_, _Kimel v. Florida Bd. of Regents_, 528 U.S. 62, 72-73 (2000); _College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense_

3

Bd., 527 U.S. 627, 669-670 (1999); Seminole Tribe of Florida v.
Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1,
15 (1890). The practical effect of the Eleventh Amendment in
modern Supreme Court jurisprudence is that "A nonconsenting State
may not be sued by private individuals in federal court." Bd. of
Trs. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363
(2001).

The State of South Carolina is entitled to the protection of
the Eleventh Amendment here unless there is any exception to its
application. There are three potential exceptions: (1) consent;
(2) Congressional waiver under section 5 of the Fourteenth
Amendment; or (3) the doctrine of Ex Parte Young, 209 U.S. 123,
28 S.Ct. 441 (1908), which permits suits against state officers
where a plaintiff seeks only prospective, injunctive relief.
None apply here.

First, the State of South Carolina has explicitly preserved
its immunity from suit in federal court. S.C.Code Ann. §15-78-
20(e) provides:

> (e) Nothing in this chapter is construed as a
> waiver of the state's or political subdivision's
> immunity from suit in federal court under the
> Eleventh Amendment to the Constitution of the
> United States nor is consent to be sued in any
> state court beyond the boundaries of the State of
> South Carolina.

Second, Congress has not waived immunity in civil rights
cases against a state. Will v. Michigan State Police Dep't., 491

4

U.S. 58, 109 S.Ct. 2304 (1989). Third, since no state official
is named as a defendant, and since the plaintiff seeks damages in
this action, Ex Parte Young does not apply.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is
recommended that the defendant's motion to dismiss for want of
jurisdiction be granted and all other motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 21, 2005

5