FILED

JAN 19  4 59 PM '05

RICH.... W. WIEKING
U.S. ...CLERK
NO. DIS... RICT COURT
... OF CA, S.J.

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert K. Holmes, | NO. C 04-03949 JW |
| Plaintiff(s), | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| State of California, | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Robert K. Holmes has filed this pro se suit against the State of California alleging, on behalf of a purported class, discrimination of non-custodial parents in domestic relations matters concerning child custody, child support and taxation.  Defendant State of California moves to dismiss the action pursuant to Rules 12(b)(1) and (b)(6), Fed.R.Civ.P., or in the alternative, to stay all proceedings pursuant to Rules 16 and 26 Fed.R.Civ.P.  In addition, the following pending matters are before the Court: (1) Plaintiff's Application to Proceed in Forma Pauperis; (2)  Plaintiff's Request for Appointment of Class Counsel and Request for Class Certification; (3)  Plaintiff's Motion for Consolidation and Transfer by the Judicial Panel on Multi District Litigation; (4) sixteen motions to intervene filed by individuals alleging to be real parties in interest to this cause of action; and (5) two requests for judicial notice in support of Defendant's Motion to Dismiss.

While Plaintiff has not filed any written opposition to Defendant's Motion to Dismiss, the Court has considered Plaintiff's Memorandum of Law Regarding State Immunity, filed October 4,

**United States District Court**
For the Northern District of California

2004. Defendant's Motion to Dismiss was heard on January 10, 2005. Having considered all papers filed to date and the comments of the parties, the motion to dismiss is granted based upon principles of Eleventh Amendment immunity.

## II. STANDARDS

### A. Rule 12(b)(1)

At issue in a Rule 12(b)(1) Fed.R.Civ.P. motion to dismiss is the trial court's jurisdiction to hear the case. Rule 12(b)(1) jurisdictional attacks can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, while a factual attack disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), Fed.R.Civ.P., a complaint may be dismissed for failure to state a claim upon which relief can be granted. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Deal Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III. DISCUSSION

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has held: "It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman,

1      Despite the absence of consent by the State of California, Mr. Holmes attempts to proceed

2  with this action by suggesting that by receiving financial assistance under federal statutes, any

3  immunity that the state may have previously enjoyed is abrogated. (Plaintiff's Memorandum of Law

4  Regarding State Immunity at 2.) There is no federal statute, however, that broadly mandates that a

5  state receiving federal funds will no longer be immune under the Eleventh Amendment if it allegedly



NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 04-03949 JW

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 | Beverley R. Meyers
Douglas M. Press
3 | Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
4 | San Francisco, CA 94102-7004

5 | Robert K. Holmes
14940 Hwy 9
6 | Boulder Creek, CA 95006

7 | James Alan Neuenburg
5000 Lakeville Highway
8 | Petaluma, Ca 94954

9 | Brian Alan Godfrey
1637 Catalina Court 32
10 | Livermore, CA 94550

11 | Robert Brill
P. O. Box 304
12 | Tres Pinos, Ca 95075

13 | Steven Dale Light
P. O. Box 256
14 | Livermore, Ca 94551

15 |

16 | Dated: 1/19/05

Richard W. Wieking, Clerk

17 |

By: _____

18 | Ronald L. Davis
Courtroom Deputy

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |