IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A STROHM, individually, and on behalf of all persons similarly situated, | : | |
| | : | Case No. 2:04-cv-910 |
| Plaintiffs, | : | Judge Smith |
| v. | : | Magistrate Judge Abel |
| STATE OF OHIO, | : | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on Defendant State of Ohio's October 18, 2004

motion to dismiss (doc. 11).  Plaintiff Scott A. Strohm filed this lawsuit on behalf of

himself and all persons similarly situated arguing that the State of Ohio has violated the

rights of over 901,000 individuals in child custody matters.  The State of Ohio argues that

this action must be dismissed because the complaint fails to state a claim for relief, and

that this Court lacks subject-matter jurisdiction to hear this matter based on the *Rooker-*

*Feldman* doctrine, sovereign immunity, the domestic relations exception to jurisdiction,

and standing.

**I.  Facts.**

Plaintiff Scott A. Strohm filed a 43 page *pro se* complaint against the State of Ohio

on September 23, 2004.   The boilerplate complaint was downloaded from the Internet

and was recently filed in several other jurisdictions.[1]  He seeks to represent himself and a

class of similarly situated plaintiffs.  The gist of Strohm's complaint is that the State of

Ohio has unconstitutionally favored one gender over the other in child custody and child

support matters.  This suit includes the following claims:  there is a conspiracy to

unconstitutionally deprive parents of their rights under the United States Constitution;  the

State of Ohio, as well as the judges of the state, have unconstitutionally applied the "best

interest of the child" test in determining custody matters; in deciding child custody and

child support issues the State has engaged in a pattern of gender discrimination; and that

people in Ohio are subject to disparate tax treatment.

## II.  Discussion

### A.  Dismissal for failure to state a claim

Rule 12(b)(6) permits a court to dismiss a claim when the plaintiff's allegations are

insufficient to warrant relief.  When considering a motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in

the light most favorable to the plaintiff and accept all well-pleaded material allegations in

the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California*

*Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v.*

*Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580

---

[1]  *See* the decisions in *Collins v. Kentucky*, No. 04-cv-66-JMH (E.D. Ky. Oct. 22, 2004)
and *Weiss v. Alabama*, No. 2:04-cv-876-A (M.D. Ala. Nov. 15, 2004), which apparently
dismissed cases filed using the same or similar complaints.

F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although the court must apply a liberal construction of the complaint in favor of the party

opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975);

*Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176,

1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences

of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121,

124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a

complaint, however, a court will indulge all reasonable inferences that might be drawn

from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss

pursuant to Rule 12(b)(6), a court will apply the principle that "a complaint should not be

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley v.

Gibson*, 355 U.S. 41, 45-46 (1957). *See also McClain v. Real Estate Bd. of New Orleans,

Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983);

*Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7

(6th Cir. 1980). Because the motion under Rule 12(b)(6) is directed solely to the

complaint itself, *Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451

F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to

offer evidence to support the claims, rather than whether the plaintiff will ultimately

prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D.

Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125.  Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

4

Here, Strohm's complaint is insufficient to support a claim for relief.  After a careful reading of his complaint, it is clear that he is claiming that the State of Ohio has violated his constitutional rights.  However, even when applying a less stringent standard applicable to *pro se* plaintiffs, Strohm has failed to provide sufficient factual support for his claims.  It appears that he is claiming that he is a non-custodial parent who pays child support.  However, the complaint fails to state if he has any children, how many children he has, how old the children are, if he has joint custody of the children, if he pays child support, how much he pays in child support, or whether there has even been a state court proceeding that adjudicated him a non-custodial parent.  Strohm has not filed a complaint that states a claim upon which relief may be granted.

While I have determined that Strohm's complaint can be dismissed for Plaintiff's failure to provide the necessary factual support, I will briefly address the other grounds warranting dismissal of this suit.

## B. Lack of Jurisdiction

The standard of review applicable to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the nature of the motion.  If a defendant attacks the complaint on its face, the district court must take all material allegations of the petition as true and construe them in the light most favorable to the non-moving party.  *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.).  When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous.  *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The plaintiff can

5

"survive the motion by showing any arguable basis in law for the claim made." *Id*.

If the defendant attacks the existence of subject matter jurisdiction in fact, apart from the pleadings, no presumptive truthfulness applies to the factual allegations. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a factual controversy exists, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *See Id*. The court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Id*. Because the *res judicata* effect of a Rule 12(b)(1) motion is limited to the jurisdictional issue, factual findings do not bind the court in future proceedings. *Ritchie*, 15 F.3d at 598.

### 1. The Eleventh Amendment

The recognition of a state's sovereign immunity is found in the Eleventh Amendment; it states the following:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or citizens or subjects of foreign states.

Unless the state has waived its sovereign immunity, or Congress, while acting under a proper grant of constitutional authority, has abrogated some portion of the state's immunity, the state is virtually immune from a private lawsuit in federal court. *Mumford v. Basinski,* 105 F.3d 264, 267-68 n. 3 (6th Cir. 1997). While a plaintiff may bring a claim against state actors for unconstitutional conduct under 42 U.S.C. § 1983, a state is

6

not a "person" for purposes of § 1983. Therefore, the state as an entity is not subject to liability under this provision. Rather, liability is limited to state actors.

While Strohm's complaint does not state that it is brought pursuant to § 1983, it is brought for alleged civil rights violations. It names the State of Ohio as the defendant. Therefore, it appears to be an artfully pleaded attempt to avoid the bar of sovereign immunity. Even assuming *arguendo* that Strohm's claims could be brought in federal court in the absence of § 1983, he has failed to provide any relevant argument that supports the position that Ohio has waived its sovereign immunity in this case. At most he has pointed to 42 U.S.C. § 2000d-7, this provision is inapplicable to the current case.[2]

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine states that only the Supreme Court of the United

---

[2] 42 U.S.C.§ 2000d-7 states the following:

**(1)** A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.
**(2)** In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

It should also be noted that three cases have held that this provision is unconstitutional because it exceeded the grant of Congress's power. *See Publiese v. Arizona Dep't Health and Human Serv.*, 147 F. Supp.2d 985 (D. Ariz. 2001); *Koslow v Commonwealth of Pennsylvania*, 158 F. Supp. 2d 539 (E.D. Pa. 2001); and *Miller v. Texas Tech Univ. Health Sci.Ctr.*, 330 F.3d 691 (5th Cir. 2003).

States has the power to review decisions made by a state supreme court. *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998).[3]  "Federal district courts lack subject matter jurisdiction to review such final adjudications or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." *Valenti v. Mitchell,* 962 F.2d 288, 296 (3rd Cir. 1992) (quotation omitted) (punctuation omitted).  This is based on the premise that federal courts must give full faith and credit to state court decisions. *Gottfried,* 142 F.3d at 330.  However, the doctrine only applies if the "federal claim is inextricably intertwined with the state-court judgment [, and] the federal claims succeed only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987).

In his complaint, Strohm asks this Court to restore the custody of children to their non-custodial parents, to restore child visitation schedules, modify existing child support orders, to prevent and order the return of move-away parents, and various forms of damages and tax relief.  (Pl.'s Compl. ¶¶ 130-150).  These demands are asking this Court to review state court decisions in an area traditionally left to the state: domestic relations. Strohm's claims are asking this Court to review the merits of state court issues couched in terms of constitutional claims.  Therefore, this Court is without jurisdiction to hear these claims.

---

[3] "*Rooker-Feldman* stands for the simple (yet nonetheless confusing) proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Med. Planning Servs., Inc*., 142 F.3d 326, 330 (6th Cir.1998)

### 3. Domestic Relations Exception

In *Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992), the Court discussed the origin and the ongoing recognition of the domestic relations exception to federal jurisdiction. This exception states that matters of divorce, marriage, and alimony are matters that are reserved exclusively for state courts. *Id.* The exception was expanded in *Ex Parte Burrus*, 136 U.S. 586, 594 (1890). *Burrus* involved a child custody dispute brought in the form of a writ of habeas corpus. The Court held that the domestic relations exception also encompassed child custody decrees. *Ankenbrandt*, 504 U.S. at 702. The exception is often rephrased in modern case law as "divest[ing] federal courts of [the] power to issue divorce, alimony, and child custody decrees." *Id.* at 703.

Here, Strohm's claim is essentially asking this Court to review child custody decrees. While Strohm's complaint contains only bare bones assertions that he is entitled to relief because of the state's constitutional violations, the relief that he seeks falls within the domestic relations exception. He is asking this Court to modify an existing child custody decree and child support order. (*See* Pl.'s Compl. ¶¶ 130-139). This Court is without the power to hear these claims.

### 4. Standing

The Constitution limits the types of claims that the courts of the United States may hear. "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, 471 (1982).

9

> [S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III. Standing requires three elements: (1) the plaintiff must have suffered an injury in fact–an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 491 (6th Cir. 1995) (internal quotation omitted) (punctuation omitted). Standing is a question of law. If the court determines that a party lacks standing to bring a claim, the court must order dismissal because the court is without jurisdiction. *Greater Cincinnati Coalition, et al. v. City of Cincinnati,* 56 F.3d 710, 715 (6th Cir. 1995).

The difficulty in this case is determining whether or not a favorable decision would redress Strohm's alleged injury. As this Court is without jurisdiction to modify a child custody decree and a child support order, this Court is unable to give the relief that Strohm is seeking. Further, the same complaint that was filed in this case was also recently filed in a Kentucky district court. When the Kentucky court decided a similar motion to dismiss, it stated that the plaintiff was without standing because the complaint failed to indicate how the alleged constitutional violations applied to the plaintiff. *Collins v. Kentucky,* No. 04-cv-66-JMH, p. 5 (E.D. Ky. Oct. 22, 2004). This reasoning is also applicable to the present suit. As already stated, the complaint contains only a bare bones assertion that plaintiff is entitled to relief. Strohm has failed to provide any factual statements that would support how or when his constitutional rights were violated.

10

**III. Conclusion**

Accordingly, Defendant State of Ohio's October 18, 2004 motion to dismiss (doc.

11) is **GRANTED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** in favor of

Defendant.  This case is hereby **DISMISSED**.


       /S/George C. Smith         
George C. Smith, Judge
United States District Court