Eastern District of Kentucky
**FILED**

OCT 2 2 2004

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 04-CV-66-JMH

C. WES COLLINS                                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY                                          DEFENDANT

This matter is before the Court for consideration of:

• Plaintiff's Motion for Class Action Certification [Record No. 4]; and

• Plaintiff's Motion for Appointment of Counsel [Record No.5]; and

• Plaintiff's Motion for Three Judge Panel [Record No. 6]; and

• Plaintiff's Motion to Consolidate and Transfer [Record No. 7]; and

• Defendant's Motion to Dismiss [Record No.9]; and

• Plaintiff's Response [Record No. 13]; and

• Defendant's Reply [Record No.14].

The plaintiff has filed an internet-generated civil rights complaint alleging, on behalf of a

purported class, a plethora of constitutional violations and violations of state and/or federal statutes

which allegedly act to the detriment of non-custodial parents.

### MOTION FOR CLASS ACTION CERTIFICATION

The plaintiff seeks for the Court to certify this action as a Federal Rule of Civil Procedure

23 class action. Rule 23 sets forth that "[a]s soon as practicable after the commencement of an

1

action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed.R.Civ.P. 23(c).

A class should not be certified in this case. The plaintiff cannot proceed as a class action, because a *pro se* non-lawyer plaintiff is not an adequate class representative able to fairly represent the class. *Ziegler v. Michigan,* 90 Fed.Appx. 808, 2004 WL 162545 (6th Cir. (Mich.)); *Thompson v. Caldera,* 2004 WL 1941307 (10th Cir. (Colo.)) (citing *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000)); *Wilson v. City of Harvey,* 2003 WL 21418037 (N.D. Ill.); *see also Rutledge v. Lane,* 215 F.3d 1330 (Table, Text in WESTLAW at 2000 WL 689191, *4, (7th Cir. 2000)); *Barth v. Town of Sanford,* 2001 WL 1356157 (D. Me.) (citing 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* §1769.1 at 380 (2d ed. 1986)).

Consequently, the plaintiff's motion [Record No. 4] for class action certification is denied.

## STANDING

In *Briggs v. Ohio Elections Comm'n,* 61 F.3d 487 (6th Cir. 1995), the court considered the issue of standing and set forth that:

> "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471 (1982).
>
> ..."[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing requires three elements: (1) "the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally-protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical,"'" (2) "there must be a causal connection between the injury and the conduct complained of," and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (citations omitted).

*Briggs v. Ohio Elections Comm'n,* 61 F.3d 487, 492 (6th Cir. 1995).

2

"Jurisdiction depends upon a finding that the plaintiff has suffered "some threatened or actual injury resulting from the putatively illegal action . . . . """ *Id.* at 491 (citing *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 617 (1973))).

If a party does not have standing to bring an action under Article III of the Constitution, a court must issue an order of dismissal as it has no jurisdiction over the matter. *Greater Cincinnati Coalition, et al. v. City of Cincinnati,* 56 F.3d 710, 715 (6th Cir. 1995) (citing *DeBolt v. Espy,* 47 F.3d 777, 779 (6th Cir. 1995)).

In *Greater Cincinnati Coalition, et al. v. City of Cincinnati,* 56 F.3d 710 (6th Cir. 1995), the Court set forth the following with regard to the issue of standing:

> Pursuant to the provisions of Article III of the United States Constitution, the judicial power of the United States extends only to certain enumerated classes of cases or controversies. In order to establish standing sufficient to satisfy the "case or controversy" requirement of Article III, a plaintiff in federal court must allege "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr,* 369 U.S. 186, 204 (1962)). As held repeatedly by the Supreme Court, allegations of "such a personal stake in the outcome of the controversy" necessitates establishment by the plaintiff of an actual or threatened injury, a causal connection between that injury and the defendant's conduct, and a likelihood that a court decision in the plaintiff's favor will redress the injury alleged. *See, e.g., Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville,* ____ U.S. ____, ____, 113 S.Ct. 2297, 2302 (1993); *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472 (1982).

*Id.* at 715.

Merely having interest in a problem is not sufficient to confer standing. *Id.* at 716 (citing *Sierra Club v. Morton,* 405 U.S. 727, 739 (1972)). In order to substantiate an assertion of standing, there must be "a 'fairly traceable' causal connection between the claimed injury and the challenged conduct." *Greater Cincinnati Coalition v. City of Cincinnati,* 56 F.3d 710, 717 (6th Cir. 1995)

(quoting *Larson v. Valente*, 456 U.S. 228, 239 (1982)).

In *G & V Lounge, Inc., v. Michigan Liquor, et al.*, 23 F.3d 1071 (6th Cir. 1994), the Court wrote:

> We first address the question of whether Plaintiff has standing to bring this action. Article III, Section 2 of the United States Constitution gives the federal courts jurisdiction only over cases and controversies. The Supreme Court has set forth a three prong test for determining Article III standing:
>
> > It has been established by a long line of cases that a party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) "injury in fact," by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative.
>
> *Northeastern Florida Contractors Chapter of the Associated General Contractors of America v. Jacksonville*, 113 S.Ct. 2297, 2301-02 (1993) (quotations and citations omitted). "The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements." *Whitmore v. Arkansas*, 110 S.Ct. 1717, 1723 (1990).

*G & V Lounge*, at 1074.

The issue of standing, whether a federal court has the power to adjudicate a suit, is "the threshold question in every federal case." *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). In considering the issue of standing, the first question is whether there is an injury in fact likely to be redressed by a favorable decision. *Id.* The standing doctrine limits the judicial power of the federal court to parties who demonstrate "injury in fact." *Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 692 (1985).

4

The Court, in *DeBolt v. Espy, et al.,* 47 F.3d 777 (6th Cir. 1995), wrote:

> Under Article III of the United States Constitution, a court has no jurisdiction over a case when the plaintiff does not have standing. *Jaimes v. Toledo Metropolitan Housing Authority,* 758 F.2d 1086, 1092 (6th Cir. 1985).

*Id.* at 779-80.

Because the plaintiff has failed to establish how any and all of the alleged constitutional violations and statutory violations have personally involved him, it is far from clear that the plaintiff, alone, has standing to continue to pursue this action. Consequently, as currently pled, this action must be dismissed for the plaintiff's lack of standing.

## INSUFFICIENTLY PLED

A *pro se* complaint should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g., Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, Federal Rule of Civil Procedure 8 imposes limits on the degree of "less stringency" or liberality which is required.

Federal Rule of Civil Procedure 8(a) sets forth in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Federal Rule of Civil Procedure 8(e) reads, in pertinent part:

> (E) Pleading to be Concise and Direct; Consistency.
> (1) Each averment of a pleading shall be simple, concise, and direct . . .
> (2) A party may set forth two or more statements of a claim . . . alternately or hypothetically, either in one count . . . or in separate counts . . . . A party may also state as many separate claims . . . as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

5

Insofar as the plaintiff's complaint does not establish that he, personally, has been involved in each of the alleged claims and fails to set forth supporting factual allegations that are personal to him, the plaintiff's complaint does not meet the standards of Fed.R.Civ.P. 8 and, thus, this complaint is subject to dismissal. *Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala.., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987));*Parker v. Debuono*, 2000 WL 223841 (S.D. N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services*, 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct. 193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. This action is DISMISSED for (a) lack of jurisdiction and (b) having been insufficiently pled.

2. The plaintiff's Motion for Class Action Certification [Record No. 4] is DENIED.

3. The plaintiff's motion for appointment of counsel [Record No.5] is MOOT.

4. The plaintiff's motion for a three-judge panel [Record No.6] is MOOT.

5. The plaintiff's motion to consolidate and transfer [Record No. 7] is MOOT.

6. The defendant's motion to dismiss [Record No. 9] is MOOT.

This the ___22<sup>d</sup>___ day of October, 2004.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service: