IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD C. WEISS, etc., )
)
        Plaintiff, )
)
v. )   CIVIL ACTION NO. 2:04cv876-A
)
THE STATE OF ALABAMA, )
)
        Defendant. )

**MEMORANDUM OPINION**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #14) filed by the Defendant, the State of Alabama.

The Plaintiff, Richard Weiss, brings six counts for relief against the State of Alabama. The State of Alabama has moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

For reasons to be discussed, the court concludes that the Motion to Dismiss is due to be GRANTED.

**II. MOTION TO DISMISS STANDARDS**

**A. Rule 12(b)(1)**

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter

jurisdiction, while a "factual attack" challenges the existence of subject matter jurisdiction based on matters outside the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

### B. Rule 12(b)(6)

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

In addressing the Motion to Dismiss, the court first notes that Weiss has correctly pointed out that it is improper to consider materials outside of the complaint in ruling on a motion to dismiss pursuant to Rule 12(b)(6) without giving notice that the motion will be treated as a motion for summary judgment under Rule 56. A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, however, can be based on evidence. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Therefore, to the extent that the court considers materials

outside of the complaint in ruling on the Motion Dismiss, it will only be in connection with issues raised concerning lack of subject matter jurisdiction.

The State of Alabama has moved to dismiss Weiss' complaint in its entirety on the basis of Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

The Eleventh Amendment to the United States Constitution insulates a state from private parties seeking to impose liability which must be paid from the public funds in the state treasury. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). Congress has not abrogated Eleventh Amendment immunity in § 1983 suits. See Quern v. Jordan, 440 U.S. 332, 341(1979). Furthermore, Alabama not only has not waived its immunity to § 1983 suits, but has expressly claimed immunity in the Alabama Constitution. See Ala. Const. Art. I, § 14. (1901). Finally, this is not a suit for prospective injunctive relief against a state official. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102, (1983).

Weiss contends in his brief that any immunity applicable to § 1983 suits does not apply to his case because he intentionally avoided invocation of 42 U.S.C. § 1983 in his Complaint. The mechanism by which a litigant asserts a violation of the federal constitution is § 1983, however. Section 1983 itself creates no substantive rights; rather, it provides a remedy for deprivation of federal rights established in the federal constitution or statutes. See Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989). In every count of the Complaint, Weiss refers to

violations of constitutional rights, all of which are claims which must be asserted pursuant to § 1983.

Weiss also has argued that the State of Alabama is not immune under the plain language of the Eleventh Amendment. Under the case law which has developed, however, the Eleventh Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens. See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). Accordingly, the State of Alabama is immune to all of the constitutional claims asserted and those claims are due to be dismissed for lack of jurisdiction.

Weiss' remaining argument is that the State of Alabama is not immune under the Eleventh Amendment because the immunity has been validly waived under civil rights statutes. Weiss relies on 42 U.S.C. § 2000d-7 which provides that Eleventh Amendment immunity is waived for violation of section 504 of the Rehabilitation Act of 1973, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, Title VI of the Civil Rights Act of 1964, and any other federal statute prohibiting discrimination by recipients of federal financial assistance. Weiss appears to argue that because the State of Alabama receives federal funds, which are expended in the State's judicial system, the State's Eleventh Amendment immunity has been abrogated. By enacting § 2000d-7, however, "Congress intended to abrogate Eleventh Amendment immunity only for statutes that deal solely with discrimination by recipients of federal financial assistance." Cronen v. Texas Dept. of Human Services, 977 F.2d 934, 937 (5th Cir. 1992).

Weiss has not alleged that there are any statutes which prohibit discrimination against non-custodial parents. Weiss has pointed to Title VI, but that statute provides as follows: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d.

Weiss also has listed numerous statutes in paragraph 40 of the Complaint as being statutes which relate to family law. Weiss has not alleged a basis for concluding that any of those statutes have been violated by the State of Alabama relative to Weiss, however. In fact, some of the statutes cited, such as 42 U.S.C.A. §§ 5771, 5701, are statements of Congressional findings, for which there could be no violation. Although Weiss has argued that the listed statutes reveal that the State of Alabama receives federal funding, the mere fact that funding is received pursuant to one statute does not mean that immunity is abrogated for all statutes. Therefore, although Weiss has invoked some federal statutes, he has failed to allege that the State of Alabama has violated those statutes, and he has failed to establish that Eleventh Amendment immunity is abrogated with respect to his claims for constitutional violations, which are necessarily brought pursuant to § 1983.

### IV. CONCLUSION

For reasons discussed, the Motion to Dismiss for lack of jurisdiction is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion. Done this 15th day of November, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE