UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH W.R. ROHLING,

                                    Plaintiff,

          v.                                      1:04-CV-1083
                                                         (GLS)(DRH)

STATE OF NEW YORK,

                                    Defendant.

---

**DECISION and ORDER**

I.    Background

The Clerk has sent to the Court a complaint filed by Kenneth W.R. Rohling ("plaintiff" or "Rohling").[1] Rohling has paid the statutory filing fee for this action.

In his *pro se* complaint, Rohling claims that New York State unlawfully discriminates against the "non-custodial parent" in "all areas of domestic relations" and especially in those areas involving child custody and child support. Complaint at 3-5.[2] Plaintiff also complains that disparate and preferential tax treatment is afforded to custodial parents, and that New York State has demonstrated "willful, intentional, negligent, and/or reckless patterns of general disdain for the common good." *Id.* at 3.

---

[1] In addition to the complaint, plaintiff filed a motion for a three judge panel, a motion for class certification and appointment of class counsel, and a motion for consolidation and transfer of this action to the Judicial Panel on Multi-District Litigation. Dkt. Nos. 5-7.

[2] Plaintiff defines "non-custodial parent" as a parent who does not "equally enjoy the same full sets and degrees of physical, possessory, and legal rights to all aspects of the care, custody and management of [his/her children] that are recognized to belong to, or enjoyed by, the other natural parent ... of said child(ren)." *Id.* at 5.

Plaintiff purports to bring this action on his own behalf and on behalf of a class consisting of all New York State non-custodial parents. *Id.* at 4. The sole defendant named in the complaint is "The State of New York." The complaint seeks declaratory and injunctive relief as well as damages. *Id.* at 2, 38-41. For a complete statement of plaintiff's claims, reference is made to the complaint.

II. Discussion

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. See *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

The Eleventh Amendment to the United States Constitution prohibits federal courts from exercising jurisdiction over suits against non-consenting states. See U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.). As noted, the sole defendant named in the

2

complaint is the State of New York. New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint.[3] Moreover, while there are cases in which Congress has abrogated the Eleventh Amendment to allow a party to sue a state for constitutional violations,[4] there has been no abrogation with respect to the claims asserted in this case.

The State of New York is absolutely immune from suit on plaintiff's claims and the complaint is therefore dismissed as frivolous.

Dismissal of plaintiff's complaint is also required because this Court lacks subject matter jurisdiction over plaintiff's claims. The jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction *sua sponte*, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

The complaint does not establish a basis for federal jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only if there is diversity of citizenship between the

---

[3] The state's immunity is absolute and precludes plaintiff's claims that the state has "vicarious liability, and/or liability as respondeat superior" for actions taken by state officials. See Complaint at 6.

[4] See *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666 (1976) (Eleventh Amendment not a bar to award of damages to state employees discriminated against on the basis of sex in violation of Civil Rights Act of 1964).

*parties and the matter in controversy exceeds the sum or value of $75,000.* See 28 U.S.C. §1332(a). Here, because both the plaintiff and the defendant are citizens of New York, there is no diversity.

"Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *Village of Millbrook v. Forrest*, 903 F.Supp. 599, 600 (S.D.N.Y. 1995) (quoting *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975)).

Plaintiff's complaint arises out of the application of New York state law and the outcome of New York State judicial proceedings in the area of domestic relations. Federal courts generally lack subject matter jurisdiction over such claims:

> A century ago,..., the Supreme Court, sagely circumscribed the jurisdiction of federal courts as regards domestic relations when it held that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burris*, 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890). ... This Court applied this principle in *Lhotan v. D'elia*, 415 F.Supp. 826 (E.D.N.Y. 1976) when it held "[f]ederal courts do not adjudicate cases involving the custody of minors or rights of visitation [because t]hat is the function of the States." *Id.* at 827 (dismissing foster parents' suit seeking writ of habeas corpus requiring director of county department of social services to direct placement of foster children).

*Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990). *See also Martin v. Chiles*, 63 F.Supp. 133, 136 (S.D.Fla. 1991) (federal courts generally dismiss cases involving divorce, alimony, child custody, visitation rights and enforcement of separation or divorce decrees still subject to state court modification).[5]

---

[5] The *Neustein* court noted that "on rare occasions, the federal courts have gingerly forayed into the domestic relations arena but only to resolve claims that are traditionally adjudicated in federal court." 732 F.Supp. at 339. Plaintiff's claims, however, appear to fall squarely within the domestic relations exception to the exercise of federal

4

In addition, plaintiff has failed to establish that he has standing to maintain this action. To establish standing, plaintiff must demonstrate that the actions of the defendant caused him to suffer an "injury in fact" which a favorable decision in this action is likely to redress. See *Northeastern Fl. Contractors v. Jacksonville*, 508 U.S. 656, 663064, 113 S.Ct. 2297 (1993). Although plaintiff purports to complain generally about the implementation of New York state domestic relations law, his injury, if any, appears to stem directly from state court proceedings as to which this court lacks jurisdiction. Federal district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150 (1923). This principal of comity has become known as the Rooker-Feldman doctrine. The essence of the Rooker-Feldman doctrine is that inferior federal courts have no authority to review judgments of state courts in judicial proceedings and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court. *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002); *Rogers-Fink v. Cortland County Dep't of Social Servs.*, 855 F.Supp. 45, 47 (N.D.N.Y. 1994) (Scullin, J.).[6] Because this Court lacks jurisdiction to review

---

jurisdiction.

[6] In addition, although the status of the state court proceedings complained of by plaintiff cannot be determined from the complaint herein, this Court's declination to consider plaintiff's claims may well also be mandated by the precepts of federalism and comity enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). See *Neustein v. Orbach*, 732 F.Supp. 333, 341 (E.D.N.Y. 1990). Moreover, any attempt by plaintiff to relitigate matters already decided in state court proceedings would be precluded by the doctrines of res

5

plaintiff's claims and to redress any injury he might have suffered by virtue of the alleged unconstitutionality of New York state domestic relations law, the Court finds that plaintiff lacks standing to maintain this action.[7]

WHEREFORE, it is hereby

ORDERED, that the complaint is dismissed as frivolous, and it is further

ORDERED, that in light of the dismissal of this action, plaintiff's motions for a three judge panel (Dkt. No. 5), for class certification and counsel (Dkt. No. 6), and for consolidation and transfer to the Judicial Panel on Multi-District Litigation (Dkt. No. 7) are denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Rohling by regular mail.

IT IS SO ORDERED.

Dated: November 15, 2004
       Albany, New York

*Gary L. Sharpe*
U.S. District Judge

---

judicata and collateral estoppel. *Id.* at 342.

[7] See *Loose v. Texas*, No.4:03-CV-266-Y, 2004 WL 579713 * 1 (N.D. Tex. Mar. 19, 2004) (plaintiff lacks standing to maintain general constitutional challenge to Texas child custody statutes).