IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL P. SMITH, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1311-JJF |
| STATE OF DELAWARE, | : | |
| Defendant. | : | |

---

Russell P. Smith, Pro Se Plaintiff.

Peter S. Feliceangeli, Esquire and Gregory E. Smith, Esquire, Deputy Attorneys General of THE STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

September 7, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion To Dismiss (D.I. 22) filed by Defendant, the State of Delaware. For the reasons set forth below, the Court will grant Defendant's Motion.

## BACKGROUND

Plaintiff filed the instant Complaint against the State of Delaware. Plaintiff's Complaint contains six counts alleging: (1) negligence and reckless disregard for duty by the State of Delaware in computing child support; (2) refusal to grant non-custodial parents equal visitation and custody; (3) conspiracy by the State of Delaware with other states to deprive Plaintiff of his Fourteenth Amendment rights in the areas of child custody, visitation, and support; (4) fraudulent enforcement of child support orders; (5) disparate taxation of non-custodial parents; and (6) willful, reckless and negligent government mismanagement. Plaintiff has also filed a Motion For Consolidation And Transfer By The Judicial Panel On Multi-District Litigation (D.I. 3), a Motion For Certification Of Class; And Request For Appointment of Class Counsel (D.I. 6), and a Notice of Petition And Verified Petition For Warrant Of Removal (D.I. 14). In addition, a Motion To Intervene As Plaintiff-Intervenor; And/Or Motion For Joinder As A Necessary Party Plaintiff (D.I. 21) has been filed by Kerry G. Peatt.

In response to the Complaint, Defendant has filed a Motion To Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff has failed to file a response to the Motion, and therefore, the Court will proceed on the basis of the papers before it.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). As such, when considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368-69 (3d Cir. 1993), cert. denied, 114 S. Ct. 1219 (1994). Thus, the

court may dismiss a complaint when the facts pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought.  See <u>Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc.</u>, 836 F.2d 173, 179 (3d Cir. 1988).

**DISCUSSION**

Although Plaintiff does not cite the legal basis for his claims, it is apparent to the Court by the nature of his allegations that his claims are brought under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege a "violation of a right secured by the Constitution and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted).  The Supreme Court has held that neither a State nor its officials acting in their official capacities are "persons" within the meaning of Section 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

Further, the Eleventh Amendment immunizes an unconsenting State from lawsuits brought in federal court by a citizen of that State or a citizen of another State.  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984).  Eleventh Amendment immunity can be waived if Congress expresses a clear intent to waive the states' immunity; however, Section 1983 contains no such waiver.  See <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979) (holding that Section 1983 "does not explicitly and by clear

language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). The State of Delaware may also waive its sovereign immunity by an express statutory pronouncement; however, the State of Delaware has expressed no such waiver as to the subject matter of this lawsuit. See Ospina v. Department of Corrections, 749 F. Supp. 572, 577 (D. Del. 1991) (holding that State of Delaware has not waived its Eleventh Amendment immunity by operation of 18 Del. C. § 6511). Because Plaintiff's suit against the State of Delaware is barred by the Eleventh Amendment, the Court will grant Defendant's Motion To Dismiss.[1]

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss. Because Defendant's Motion To Dismiss will be granted, the Court will deny as moot the remaining motions filed by Plaintiff for various relief including, the appointment of counsel, removal, class certification and transfer to the multi-

---

[1] The Court observes that similar complaints have been filed by a number of different plaintiffs across the country. See http://www.indianacrc.org/classaction.html. At least one court has also dismissed a similarly filed complaint as barred by the Eleventh Amendment. See Creed v. State of Wisconsin, C.A. No. 04-C-917 (E. D. Wis. Sept. 24, 2000).

4

district litigation panel. Because Plaintiff's claim is barred by the Eleventh Amendment, the Court will also dismiss as moot the motion for joinder filed by Mr. Peatt.

An appropriate Order will be entered.

5